UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PETER TENERELLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:17-CV-01011-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
|---|---|

This case arises from Rite Aid's termination of Peter Tenerelli, a Pharmacy District Manager who had worked for Rite Aid for 34 years. Plaintiff Peter Tenerelli ("Tenerelli" or "Plaintiff") alleges he was unlawfully fired because of his age and his reporting of drug inventory discrepancies. Defendant Rite Aid Corporation (together with Rite Aid Hdqtrs. Corp., "Rite Aid" or "Defendant") maintains it fired Tenerelli for making threats of violence in the workplace. Defendant moves for summary judgment on all claims. Mot., ECF No. 16-1. Tenerelli opposes the motion. Opp'n, ECF No. 17.

For the reasons set forth below, this Court GRANTS Defendant's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 2, 2019.

1

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant Rite Aid Corporation is a retail drug store chain incorporated in Delaware and with its principal place of business in Pennsylvania. Notice of Removal, ECF No. 1, at 4-5.

Plaintiff Peter Tenerelli worked for Rite Aid for over 34 years. Undisputed Facts (UF), ECF No. 17-1, ¶ 1. He began working for Rite Aid in June 1982 as a pharmacist in Washington state. Id. ¶ 2. At the time of his termination on December 8, 2016, Tenerelli worked as a Pharmacy District Manager in Rite Aid's Ranch Cordova, California District Office. Id. ¶ 4.

During the week of November 27, 2016, Tenerelli made a comment to his coworker, Christopher Morris, about the use of a gun at work. UF ¶¶ 24, 35, 43. On December 5, 2016, Morris shared Tenerelli's comment from the prior week with Human Resource District Manager Kristy Foster-Potts, and the next day reported the comment to his supervisor, West Coast Divisional Asset Protection Director Michelle Jones. Id. ¶¶ 27-28. On December 6, 2016, Morris provided a written statement to Jones detailing his recollection of Tenerelli's comment: "Pete entered the office that I was in and closed the door . . . He began the conversation by stating, 'I'm only telling you this because I like you. If you are ever in this office and you hear the sound of a metal slide going back (as he was motioning to load an assault rifle), that's your cue to get out of the that backdoor over there within 5-10 seconds!' He then went on to say, 'I'm starting at the office over there', as he pointed to the Regional Admin's office. He then said, 'After that, I'll be working my way down that back wall.' " Id. ¶¶ 31-32.

That same day, on December 6, 2016, Jones and Pharmacy Regional Vice President Steve Barney interviewed Tenerelli at a Starbucks next to the Rancho Cordova District Office, during which Tenerelli gave his side of the story. UF ¶¶ 33-34. In the interview, Tenerelli admitted to Jones and Barney that he made a comment to Morris about shooting himself, but not any coworkers. Id. ¶ 35. Jones' statement from her interview with Tenerelli provides "Peter stated to us that he did have a conversation in the office 'that if you ever heard a clicking sound, (mimicked the sound of a gun), don't bother calling 911. I have given in to the cruel cruel world.' " Id. ¶ 37.

That night, as requested, Tenerelli provided a written statement to Jones and Barney which included: "I jokingly stated that if he [Morris] heard a click or bang in my office not to call 911 and do not resuscitate me stating 'good bye cruel world'." Id. ¶ 43. In the written statement, Tenerelli further explained his comment: "I stated this completely in levity in response to my being overworked . . . Never at any time would I harm myself or others. These comments were never specific and I was just poking fun at myself." Tenerelli Written Statement, ECF No. 16-5, at 15. Tenerelli was aware that Rite Aid had policies related to violent and threatening behavior in the workplace and understood that engaging in violent and threatening behavior in the workplace was a serious matter that would not be tolerated. UF ¶¶ 16-20.

Roger Ceballos, Rite Aid's Senior Director of Human Resources, reviewed and relied on Morris' and Tenerelli's written statements, along with Jones' statement from her interview of

Tenerelli in making the decision to terminate Tenerelli's employment. UF ¶ 47. Ceballos made the decision to terminate Tenerelli because his admitted comments violated Rite Aid's workplace violence policy and standards of conduct. Id. ¶ 49. Ceballos had no knowledge of any discrimination against Tenerelli, nor had Tenerelli reported any such discrimination to Ceballos. Id. ¶¶ 52-53. Similarly, Ceballos was not aware Tenerelli had raised any issues with anyone else at Rite Aid about the accuracy of drug inventory reporting, including on DEA Form 106s, nor had Tenerelli raised such concerns to Ceballos. Id. ¶¶ 57-58. Tenerelli, who was an at will employee, was terminated effective December 8, 2016. UF ¶¶ 1, 5.

On April 6, 2017, Tenerelli filed a Complaint against Rite Aid in the Superior Court of the State of California, County of Sacramento (Case No. 34-2017-00210709), bringing six causes of action: (1) Wrongful Termination in Violation of a Public Policy; (2) Violation of the California Whistleblower Protection Act and California Government Code § 1102.5(c); (3) Discrimination based on Age in Violation of California Government Code § 12940(a); (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Breach of Employment Contract; (6) and Intentional Infliction of Emotional Distress. EFC No. 1 at 16-29. On May 15, 2017, Rite Aid removed the case to federal court on the basis of diversity jurisdiction. Notice of Removal at 3.

On March 5, 2019, Rite Aid moved for summary judgment on all six causes of action. Mot., ECF No. 16-1. Tenerelli opposed the motion. Opp'n, ECF No. 17.

///

4

II. OPINION

A. Age Discrimination

To defeat a claim of age discrimination on a motion for summary judgment, an employer must show that (1) the plaintiff could not establish one of the elements of his FEHA claim or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate the plaintiff's employment. Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1242 (9th Cir. 2013) (citing Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 745 (9th Cir. 2011)). If the employer meets its burden, the discharged employee must then raise a triable issue of material fact as to whether the employer's proffered reason for the termination was mere pretext for unlawful discrimination. Lucent Techs., 642 F.3d at 746.

1. Prima Facie Case

Tenerelli carries the initial burden of establishing a prima facie case of age discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To state a prima facie age discrimination case under FEHA, Tenerelli must establish that: (1) he was a member of a protected class (i.e., 40 years of age or older); (2) he was performing competently in the position he held; (3) he suffered an adverse employment action, such as termination; and (4) some other circumstance suggests a discriminatory motive. Santillan v. USA Waste of California, Inc., 853 F.3d 1035, 1043 (9th Cir. 2017). It is undisputed that Tenerelli has satisfied the first, second, and third elements. Mot. at 12. The parties also agree there is no direct evidence of age discrimination. Opp'n at 4.

Tenerelli has failed to put forward circumstances suggesting a discriminatory motive in his termination. Roger Ceballos, Rite Aid's Senior Director of Human Resources, made the decision to terminate Tenerelli based on his admitted comment about shooting a gun in the office. UF ¶¶ 42-44, 47-49. Tenerelli never reported any age discrimination to Ceballos. Id. ¶ 52. Nor is there any evidence – only pure speculation by Tenerelli – that Ceballos had knowledge of age-related comments directed towards Tenerelli. Id. ¶¶ 53, 78-83. "[S]tray remarks that are unconnected to employment decisionmaking" do not support a FEHA discrimination claim. Harris v. City of Santa Monica, 56 Cal. 4th 203, 231 (Cal. 2013).

### 2. Legitimate, Nondiscriminatory Reason

Tenerelli's claim of age discrimination also fails because Rite Aid has articulated a legitimate, nondiscriminatory reason for the termination. McDonnell Douglas, 411 U.S. at 802. Tenerelli admitted, in a written statement provided to Rite Aid, to commenting about shooting a gun at work which, even if made in jest and directed at himself, was a violation of Rite Aid's workplace violence policy and standards of conduct. UF ¶¶ 42-44, 49. It is undisputed that Tenerelli's admission to making this comment, along with statements from Christopher Morris and Michelle Jones regarding the comment, served as the basis for Tenerelli's termination. UF ¶¶ 32, 35-37, 47-49.

### 3. Pretext

Where an employer provides a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the employee to show that the employer's proffered reason was

6

simply a pretext for discrimination. McDonnell Douglas, 411 U.S. at 804. Tenerelli fails to establish Rite Aid's reason for terminating him was pretextual. Indeed, it is undisputed that Rite Aid's reason for terminating Tenerelli was his admitted statement regarding shooting a gun at work. UF ¶¶ 35-37, 42-44, 47-49. Tenerelli's argument that "Mr. Ceballos was not working in a bubble and in fact may have had significant information that would influence his decision to terminate" is pure speculation, and comes nowhere close to the "specific" and "substantial" circumstantial evidence needed to create a genuine issue of material fact as to pretext. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006).

### 4. Conclusion

Thus, this Court grants summary judgment to Rite Aid on Tenerelli's third cause of action for age discrimination under FEHA. Moreover, to the extent this age discrimination claim is also brought under the ADEA, summary judgment is likewise warranted. Shelley v. Geren, 666 F.3d 599, 607 (9th Cir. 2012).

### B. Retaliation

To establish a prima facie case of retaliation a plaintiff must demonstrate (1) he engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two. Mokler v. Cty. of Orange, 157 Cal. App. 4th 121, 138 (Cal. Ct. App. 2007).

Tenerelli alleges he reported, to people he believed to be members of upper management, that, based on certain drug inventory discrepancies, he thought the DEA Form 106s he was filling out and signing had the potential to be inaccurate.

UF ¶¶ 85, 88.  Setting aside whether that reporting constitutes a protected activity under California Labor Code § 1102.5 (see UF ¶¶ 84-97), the undisputed facts show no causal link between this activity and Tenerelli's termination.  The decisionmaker on Tenerelli's termination, Roger Ceballos, was not aware of any concerns Tenerelli raised about allegedly inaccurate DEA Form 106s or any other similar reports.  UF ¶¶ 50, 57-58.  Tenerelli's contention that "Mr. Ceballos is not isolated from others" (Opp'n at 7) is insufficient to create a genuine issue of material fact as to a causal link.

Thus, this Court grants summary judgment to Rite Aid on Tenerelli's second cause of action for retaliation under California Labor Code § 1102.5.  Moreover, to the extent the retaliation claim is brought under the California Whistleblower Protection Act (California Government Code § 8547.8), summary judgment is warranted because Tenerelli was not a state employee. McKinney v. Apollo Grp., Inc., Case No. 07-cv-2373-WQH-CAB, 2010 WL 11442914, at *13 (S.D. Cal. Jan. 28, 2010).

    C.    Wrongful Termination in Violation of Public Policy

A claim for wrongful termination in violation of public policy is a derivative claim which "requires a showing that there has been a violation of a fundamental public policy embodied in statute."  Merrick v. Hilton Worldwide, Inc., 867 F.3d 1139, 1150 (9th Cir. 2017).  Because Tenerelli's age discrimination and retaliation claims fail as a matter of law, his derivative claim of wrongful termination necessarily fails as well.

Thus, this Court grants summary judgment to Rite Aid on Tenerelli's first cause of action.

### D. Breach of Employment Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

"[T]here is a statutory presumption that employment is terminable at will . . . ." Eisenberg v. Alameda Newspapers, Inc., 74 Cal. App. 4th 1359, 1386 (Cal. Ct. App. 1999); Cal. Labor Code § 2922. Tenerelli argues "it can be inferred" from his 34 years of employment with Rite Aid that he "had a reasonable belief that he would only be terminated for good cause." Opp'n at 8. Contrary to Tenerelli's unsupported assertion, it is undisputed that he was an at-will employee and he never received anything in writing from Rite Aid changing that status. UF ¶¶ 5, 15. Thus, because Tenerelli was an at-will employee, his breach of contract claim fails as a matter of law. Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 339-344 (Cal. 2000) (agreeing that "an employee's *mere* passage of time in the employer's service, even where marked with tangible indicia that the employer approves the employee's work, cannot *alone* form an implied-in-fact contract that the employee is no longer at will.") (emphasis in original).

Moreover, a terminated at-will employee cannot assert a claim for breach of the implied covenant of good faith and fair dealing. Horn v. Cushman & Wakefield W., Inc., 72 Cal. App. 4th 798, 819-820 (Cal. 1999) (affirming dismissal of implied covenant claim by at-will employee because "[w]here there is no underlying contract there can be no duty of good faith arising from the implied covenant"). As with his breach of contract claim, Tenerelli's breach of implied covenant claim fails.

Thus, this Court grants summary judgment to Rite Aid on Tenerelli's fourth and fifth causes of action.

E. <u>Intentional Infliction of Emotional Distress</u>

California recognizes a cause of action for intentional infliction of emotional distress (IIED) when: (1) there is extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffers severe or extreme emotional distress; and (3) the defendant's outrageous conduct is the actual and proximate causation of the emotional distress. <u>Lawler</u>, 704 F.3d at 1245.

Tenerelli's IIED claim fails as a matter of law. Tenerelli contends the "combination of the age harassment, the excessive workload, and the stress of trying to protect the company from their own policies built a level of stress that needed to be released" and that his "very mellow release in light of the stressors was to make a single comment" which "lead to the outrageous act of termination." Opp'n at 9. But a termination of employment alone is not sufficient to satisfy the standard for extreme and outrageous conduct. <u>Janken v. GM Hughes Elecs.</u>, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."); see also <u>Lawler</u>, 704 F.3d at 1245-1246. Moreover, distress from personnel decisions like the assignment of an excessive workload or termination would fall within the scope of workers' compensation, not IIED. <u>Miklosy v. Regents of Univ. of California</u>, 44 Cal. 4th 876, 902 (Cal. 2008).

Thus, this Court grants summary judgment to Rite Aid on Tenerelli's sixth cause of action.

III. ORDER

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED in its entirety. ECF No. 16.

IT IS SO ORDERED.

Dated: April 18, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE